UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES BARNES, | : |
| Plaintiff, | : Civ. No. 22-6253 (RBK) (EAP) |
| v. | : |
| KRISTEN ESPOSITO, | : **OPINION** |
| Defendant. | : |

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Plaintiff, James Barnes ("Plaintiff" or "Barnes"), is a state prisoner currently incarcerated at the South Woods State Prison in Bridgeton, New Jersey. He is proceeding *pro se* with a civil complaint filed pursuant to 42 U.S.C. § 1983. (*See* ECF 1). Previously, this Court granted Plaintiff's application to proceed *in forma pauperis*. (*See* ECF 2).

The allegations of the complaint must be screened pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether they are frivolous or malicious, fail to state a claim upon which relief may be granted, or whether the allegations seek monetary relief from a defendant who is immune from suit. For the following reasons, Plaintiff's complaint is dismissed without prejudice.

## II. BACKGROUND

The allegations of the complaint are construed as true for purposes of this screening opinion. Plaintiff names one defendant in this action, Kristen Esposito. Plaintiff complains that Esposito uttered racial slurs against him. He also states that Esposito refused to provide him with grievance forms and has amended a false violation of parole document. Plaintiff seeks monetary damages as relief.

### III. LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs a court to *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In this case, Plaintiff seeks relief in part under 42 U.S.C. § 1983. A plaintiff may have a cause of action under § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

### IV. DISCUSSION

A. <u>Racial Slurs</u>

Plaintiff first sues Esposito for her purported utterance of racial slurs against Plaintiff. While obviously abhorrent, assuming such utterances occurred for purposes of this screening opinion, the use of slurs/verbal insults are insufficient in and of themselves to amount to a constitutional violation. *See, e.g., Richardson v. Sherrer*, 344 F. App'x 755, 757 (3d Cir. 2009); *Salley v. Pa. Dep't of Corr.*, 181 F. App'x 258, 266 (3d Cir. 2006). Thus, such allegations by Plaintiff against Esposito do not state a § 1983 claim such that this claim will be dismissed with prejudice.

3

B. <u>Failure to Provide Grievance Forms</u>

Next, Plaintiff sues Esposito for purportedly failing to provide Plaintiff with administrative grievance forms. While such failure may give rise to an argument that any potential lack of administrative exhaustion under the PLRA may be excused, failing to provide a person with a grievance form, in and of itself, does not give rise to an independent cause of action. *See, e.g.*, *Scutella v. Erie Cty. Prison*, No. 19-168, 2020 WL 5366043, at *4 (W.D. Pa. Sept. 8, 2020); *Brandon v. George W. Hill Corr. Facility*, No. 18-4852, 2019 WL 6650582, at *7 (E.D. Pa. Dec. 18, 2018) ("[W]hile not having access to grievance forms would affect the analysis regarding whether Brandon properly exhausted his claims as required by the PLRA, *see* 42 U.S.C. § 1997e(a), it does not provide an independent basis for a constitutional claim."). Thus, this claim is also dismissed with prejudice for failure to state a claim upon which relief may be granted.

C. <u>False Violation of Parole Report</u>

Finally, Plaintiff alleges Esposito is liable to him for amending a false violation of parole report. This claim too though is insufficient to state a claim in and of itself. *See Disco v. Roth*, No. 17-4132, 2018 WL 3387381 at *9 (E.D. Pa. July 12, 2018); *McClain v. Randall*, No. 16-204, 2017 WL 1375207, at *1 (E.D. Tex. Feb. 9, 2017); *Gee v. Annucci*, No. 16-1040, 2017 WL 52613, at *2 (N.D.N.Y. Jan. 4, 2017) (noting the filing of a false report does not rise to the level of a constitutional violation); *Peterson v. Tomaselli*, No. 02-6325, 2003 WL 22213125, at *6 (S.D.N.Y. Sept. 29, 2003) (citing *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997)) ("The filing of false documents and the assertion of false accusations, by themselves, do not create a due process violation; there must be more, such as retaliation for exercising a constitutional

4

right). Thus, this claim is also dismissed, albeit without prejudice, for failure to state a claim upon which relief may be granted.

## V.     CONCLUSION

For the following reasons, Plaintiff's complaint against Esposito is dismissed for failure to state a claim upon which relief may be granted. Plaintiff's claims related to Esposito's purported use of racial slurs and her failure to provide him with grievance forms are dismissed with prejudice. Plaintiff's claim related to the purported false violation of parole report is dismissed without prejudice. Plaintiff shall be given thirty (30) days in which to file a proposed amended complaint should he elect to do so related to his claim that shall be dismissed without prejudice. An appropriate order will be entered.


DATED:  10 May 2023

s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge